IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| L.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| RIVERSIDE MILITARY ACADEMY ) | |
| FOUNDATION, INC., individually ) | |
| And d/b/a RIVERSIDE MILITARY ) | JURY DEMAND |
| ACADEMY,  COL. JAMES H. ) | |
| BENSON, LT. COLONEL J. KEVIN ) | |
| JARRARD, CHIEF PAUL GREEN, ) | |
| MAJ. KEVIN GUIER, ) | |
| CAPT. SKYLER TONEY, MAJ. ) | |
| RANDY GUENTHER and SGT. ) | |
| MARTIN ROSS, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

NOW COMES the PLAINTIFF L.A., by and through his attorneys, Martin L. Glink of LAW OFFICE OF MARTIN L. GLINK and Laurie Speed of SPEED AND KING, and complaining of the DEFENDANTS RIVERSIDE MILITARY ACADEMY FOUNDATION INC., individually and d/b/a RIVERSIDE MILITARY ACADEMY, (hereinafter "RIVERSIDE"), COL. JAMES H BENSON, past President of Riverside Academy, LT. COLONEL J. KEVIN JARRARD, Commandant of Cadets and Dean of Boys, CHIEF PAUL GREEN, Company A TAC, MAJ. KEVIN GUIER, Deputy Commandant, CAPT. SKYLER TONEY, Alpha Company Commander, MAJ. RANDY GUENTHER, Director of Academic Planning and Discipline, and SGT. MARTIN ROSS, Alpha A TAC Officer, states as follows:

## COUNT ONE

### NEGLIGENT FAILURE TO PROTECT THE MINOR PLAINTIFF FROM FORESEEABLE CRIMINAL ACTS OF THIRD PERSONS: SEXUAL ABUSE/PHYSICAL ABUSE FAILURE TO REPORT-- HAZING

1. On all dates stated herein the Plaintiff L.A., cadet ID number 10445, was a minor, 12 years old and then 13 years old, with a date of birth of June 18, 2000. He was at all times stated a Citizen of the United States, City of Chicago, County of Cook, and State of Illinois.

2. On all dates herein stated, R.R., the mother of L.A., was the custodial parent of L.A. and contracted with Defendant Riverside. L.A.'s schooling and care at the Riverside Military Academy was paid for @$32,588.00 per year for 2012 and 2013.

3. On all dates stated, Defendant Riverside Military Academy Foundation Inc., individually and d/b/a Riverside Military Academy, ("Riverside"), was a Citizen of the United States, City of Gainesville, Hall County, State of Georgia.

4. On all dates and times herein stated Defendant Riverside had a principal place of business at 2001 Riverside Dr., City of Gainesville, County of Hall, and State of Georgia. 30501-1227.

5. On all dates and times herein stated Defendant James H Benson was a Citizen of the State of Georgia.

6. On all dates and times herein stated Defendant J. Kevin JARRARD, was a Citizen of the State of Georgia.

7. On all dates and times herein stated Defendant Chief Paul Green was a citizen of the State of Georgia.

2

8. On all dates and times herein stated Defendant Maj. Kevin GUIER was a citizen of the State of Georgia.

9. On all dates and times herein stated Defendant Capt. Skyler Toney was a Citizen of the State of Georgia.

10. On all dates and times herein stated Defendant Maj. Randy Guenther was a Citizen of the State of Georgia.

11. On all dates and times herein stated Defendant Sgt. Martin Ross was a Citizen of the State of Georgia.

12. Jurisdiction is based upon Diversity of Citizenship, 28 U.S.C. Section 1332 (a) (1), since Plaintiff L.A. was then, and still is, a Citizen of the State of Illinois, and all Defendants are Citizens of the State of Georgia.

13. The amount in controversy exceeds $75,000, exclusive of interest and costs.

14. Venue is proper pursuant to 28 U.S.C. Section 1391 (b) (1) (2), since all Defendants reside in the State of Georgia and the acts or omissions complained of, or a substantial part of same, took place in the City of Gainesville, County of Hall, and State of Georgia.

15. On and between August 23, 2012- April 30, 2013, Defendant RIVERSIDE held itself out to the general public, and to the Plaintiff L.A. and to his mother R.R. as a private institution providing safe and secure, residential placement, education and necessary medical care.

16. On all dates complained of, the individual Defendants were duly authorized agents and employees of Defendant Riverside, acting in the scope of, and, course of employment.

17. On all dates complained of Defendants were in a Special Relationship with L.A., the minor Plaintiff, whether as, educator-student, guardian –ward, or protector of safety and security of L.A., the 12-year old minor and later, the 13-year old protectee.

18. On all dates complained of Defendants acted *in loci parenti* for R.R., L.A.'s mother.

19. On all dates stated, Defendants assumed the duty of protection of L.A., the 12-year old minor, and 13 years old in his second term at Riverside. Defendants accepted responsibility for L.A.'s safety and security, for his necessary medical care, and for his education.

20. The matters complained of are private, sensitive matters. The Plaintiff, L.A., Cadet #10455, requests the Court to grant leave to proceed with initials "L.A.", as his Cadet Code Number 10455 affords Defendants adequate identification.

21. On and before all dates stated, Defendant RIVERSIDE had superior knowledge compared to the knowledge of Plaintiff, L.A that Cadet Che Zhao was older than Plaintiff, bigger than Plaintiff, and by examining application for entry/acceptance at RIVERSIDE, the contract of admission, and other records, knew or should have known, through its superior knowledge that Che Zhao was a known physical abuser, and a potential sexual abuser; and that he was an incorrigible disciplinary problem. RIVERSIDE Admissions and various officers, including one or more of the individual defendants, reviewed or had access to records disclosing prior disciplinary incidents involving Che Zhao. RIVERSIDE Admissions should have refused admission due to its superior knowledge but Cadet Che Zhao was admitted and assigned to A Company.

22. Defendant RIVERSIDE selected and assigned Che Zhao as Plaintiff L.A.'s roommate, despite its superior knowledge of likely physical/sexual abuse described aforesaid.

4

23. Defendant RIVERSIDE, had superior knowledge, compared to the knowledge of Plaintiff, L.A. Cadet # 10455, that Cadet Gavin Johnston was a chronic physical abuser, and by past records and reports, was likely to continue to abuse other cadets, and knew that Johnston was an incorrigible disciplinary problem. Admissions at RIVERSIDE, and one or more individual defendants had superior knowledge of Gavin Johnston's abuse but accepted him into RIVERSIDE MILITARY ACADEMY when admission should have been refused. RIVERSIDE assigned Johnston to A Company.

24. On all times herein stated, Defendant RIVERSIDE and individual Defendants acted in concert or, in the alternative, conspired in their collective failure to protect L.A., Cadet #10455, from physical abuse, sexual abuse, hazing, cruelty to a minor only 12 years old during his first term and 13 years old in his second term, and other, reasonably forseeable criminal acts.

25. On the aforesaid dates, and on other occasions, including soon after Parents Weekend on October 26-27, 2012, Plaintiff L.A.'s roommate Che Zhao, engaged in a course of conduct of physical abuse, sexual abuse, and hazing of L.A.

26. Che Zhao was an older, bigger Cadet than the Plaintiff L.A.

27. Che Zhao was well known to RIVERSIDE Defendants, by many prior, substantially similar complaints and reports, to be a chronic abuser and an incorrigible, disciplinary problem.

28. Defendant RIVERSIDE selected Che Zhao as Plaintiff L.A.'s roommate. Plaintiff L.A. had no part of this selection

29. On more than one occasion during L.A.'s school term at RIVERSIDE, Che Zhao acted against the minor, L.A., did beat, punch, bang his head against the wall, strongly grabbed

L.A.'s testicles, and recruited other Cadets to inflict said hazing and punishment on L.A., the 12-year old, minor Plaintiff, and violate his safety and security.

30. On various aforesaid dates, Cadet Gavin Johnston, did strike and beat the minor Plaintiff, L.A., stuck him with sharp objects, and recruited other Cadets to similarly beat, attack, haze, and violate the safety and security of L.A.

31. RIVERSIDE Defendants knew full well, by many, prior and substantially similar reports and complaints against Gavin Johnston, that he was a known abuser, hazer, and chronic, incorrigible disciplinary problem.

32. RIVERSIDE Defendants did little or nothing to stem the tide of abuse inflicted upon L.A.

33. On various dates, RIVERSIDE exchanged emails with R.R., L.A.'s mother, who reported to RIVERSIDE MILITARY ACADEMY that physical abuse continued to occur against L.A., her son.

34. On one or more occasions, soon after Parents Weekend, October 26-27, 2012, Che Zhao sexually and brutally abused and assaulted the minor Plaintiff, L.A., by one or more of the following acts:

    a) penetrated his penis into the anus of L.A., against L.A.'s will;

    b) demanded that L.A. perform oral sex and or masturbation of Che Zhao;

    c) continued to engage in activity that endangered the physical health of, the safety and well-being of L.A., including slamming the minor Plaintiff's head against the wall;

    d) grabbed and yanked the testicles of the minor Plaintiff.

35. Cadet Che Zhao did these acts against L.A., to gain status in A Company and RIVERSIDE generally.

36. Cadet Gavin Johnston continued to engage in behavior that threatened and physically assaulted and abused L.A., the minor Plaintiff, to gain status in A Company and RIVERSIDE generally.

37. On or before August 23, 2012 through and including April 30, 2013, there existed in the Georgia Code a statute prohibiting hazing, characterizing same as "Reckless Conduct." Title 16 § 16-5-6, Statute attached hereto as Exhibit C, provided as follows:

> **2010 GEORGIA CODE, TITLE 16 – CRIMES AND OFFENSES, CHAPTER 5, CRIMES AGAINST THE PERSON AND CHAPTER 4 – RECKLESS CONDUCT**
> **O.C.G.A. 16-5-61 (2010)**
> **16-5-61 HAZING**
>
> (a) As used in this Code section, the term:
>   (1) "Haze" means to subject a student to an activity which endangers or is likely to endanger the physical health of a student, regardless of a student's willingness to participate in such activity.
>   (2) "School" means any school, college or university in this state.
>   (3) "School organization" means any club, society, fraternity, sorority, or a group living together which has students as its principal members.
>   (4) "Student" means any person enrolled in a school in this state.
> (b) It shall be unlawful for any person to haze any student in connection with or as a condition or precondition of gaining acceptance, membership, office, or other status in a school organization.
> (c) Any person who violates this Code section shall be guilty of a misdemeanor of a high and aggravated nature.

38. Further, RIVERSIDE MILITARY ACADEMY had its own Code(s) of Conduct, Rules and Regulations, such as:

(a) The Cadet Regulations Codebook, 105th and 106th Editions.

(b) Agreements on RMA Rules, Policies, and Procedures 2012-2013 and 2013-2014.

    (c) TAC Officer SOP Manual.

    (d) RMA Academic Handbook.

    (e) RMA 2012-2013 and 2012-2014), Domestic Fall Semester Enrollment and Re-Enrollment Contracts that R.R signed for the intended benefit of L.A., her minor son.

39. Riverside's Codes of Conduct, and its agreements allowed and permitted L.A. to attend its residential placement and private school on Riverside's "terms". Conduct prohibited by the RIVERSIDE MILITARY ACADEMY Code, Rules, Regulations, Protocols, etc., included prohibiting:

    a. sexual assaults,

    b. hazing,

    c. fighting,

    d. beating up another Cadet by a number of other Cadets,

    e. battery,

    f. inflicting emotional distress or mental injury upon another Cadet or allowing emotional distress to continue.

40. The sexual assault, physical and mental abuse, hazing and rape inflicted upon Plaintiff, L.A., by his then roommate, Che Zhao, was reasonably foreseeable by RIVERSIDE Defendants due to the reports of previous assaults, abuse and/or penetration(s) inflicted by Che Zhao, in particular, and by reports by the Cadets who were younger and smaller of the same or similar activity.

41. At all times previously stated, there was in full force and effect **Title 16 § 16-12-100,** prohibiting sexual abuse, sexually explicit conduct, oral genital sexual intercourse,

flagellation or torture of a nude person, physical contact of genitals or buttocks of an unclothed person, for apparent sexual stimulation for gratification, urination for sexual stimulation of the viewer or simulation of penetration, (copy attached as Exhibit A and incorporated herein by reference).

42. These above acts mandated reporting immediately by phone/and in writing within 24 hours to the proper Agency, the Georgia Bureau of Investigation, local law enforcement, or such other Agency, if any, after having reasonable cause to believe that a child/minor has been abused.

43. It was well known at RIVERSIDE, and was common knowledge that cadets in the shower required playing "drop the soap". If another cadet such as L.A., dropped the soap, the others would simulate sexual penetration, sexual conduct and urinated on L.A.

44. At all times stated, there was in full force and effect, **Title 16 § 16-5-70, CRUELTY TO CHILDREN** prohibiting sexually explicit conduct to/upon children by a person supervising the welfare of, or having immediate change or custody of a child under 18 years of age, such as Plaintiff, L.A., then 12 years old and later 13 years old, by one who maliciously causes cruel or excessive pain. This law also mandates reporting by anyone witnessing said misconduct; (A copy of the Georgia Code § 16-5-70 is incorporated herein by reference and attached as Exhibit B.)

45. RIVERSIDE Defendants were also informed by R.R. of the extreme and repeated physical conduct against the minor Plaintiff, L.A.

46. L.A.'s teachers reported physical abuse to those in charge and control at Riverside.

47. Despite having the notice and superior knowledge aforesaid, RIVERSIDE Defendants did little or nothing to protect the minor Plaintiff, L.A., from this pattern of misconduct and abuse. On one occasion R.R. was told, "You know how boys are. Sometimes they fight." Or, "boys will be boys."

48. At times the beatings and physical abuse was inflicted upon L.A. in the presence of RIVERSIDE Defendants who failed to take strong, and specific action to report and stop the abuse.

49. Other Cadets have been molested or abused at RIVERSIDE such as Stephen Wechsler and others. Defendants knew or should have known such misconduct was taking place on RIVERSIDE MILITARY ACADEMY's premises, but failed to do anything about it, other than eventually, Plaintiff's roommate Che Zhao was removed and another roommate selected for Plaintiff.

50. RIVERSIDE Defendants' had notice that abuse/hazing was inflicted upon Plaintiff, L.A., as the abuse of Che Zhao and or Gavin Johnston was reported by Plaintiff's teachers to one or more RIVERSIDE Defendants.

51. Under **RESTATEMENT of TORTS** 2nd § 344, all Defendants failed to protect Plaintiff, L.A., Cadet I.D. #10445. § 344 states:

> § 344 **Business Premises Open to Public: Acts of Third Persons or Animals**
>
> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to:
> (a) discover that such acts are being done or are likely to be done, or
> (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

52. From August 21, 2012 through April 30, 2013, and from March 11, 2013-April, 2013 when Cadet L.A. withdrew from RMA, Defendant RIVERSIDE voluntarily undertook the duty to protect the minor Plaintiff, and keep him in a protective environment, safe and free from unjustifiable/unwarranted and reasonably foreseeable criminal acts of rape, beatings, torture and hazing by other Cadets.

53. Evidence of Riverside's voluntary assumption of its duty to protect its cadets to protect the Plaintiff, L.A., included:

   a) Assigning cadet TAC officers to supervise cadets, including L.A.;

   b) Posting security cameras in many places including the barracks housing the Cadets such as Plaintiff, L.A.;

   c) Claiming to have security for Cadets and their general behavior, well in hand, fully controlled and supervised through its chain of command;

   d) Assuring parents, including R.R., L.A.'s mother, that they need not worry about the safety and wellbeing of the Cadets, including L.A., a 12-year old minor and 13 year old minor during his second term.

54. Defendant RIVERSIDE also assured L.A. and R.R. that everyone was bound to follow Defendant RIVERSIDE's rules and regulations, the "Cadet Regulations Codebook," both the 105th and 106th edition, covering 2012 and 2013. Amongst other things, these prohibited aberrant or rude behavior that adversely affects/affected the Academy and parent relationship. This also included disciplinary hearings and hearings to suspend, dismiss, or expel a Cadet when it was in the best interests of the Cadet or RIVERSIDE.

55. RIVERSIDE uses an ROC cycle, TAC Officer Standard Operating Procedures manual, RIVERSIDE MILITARY ACADEMY Handbook and RIVERSIDE MILITARY Organizational Chart. The fee for all of the above charged by RIVERSIDE was $31,588.00 per year for L.A.'s custodial education and protection.

56. Defendant RIVERSIDE, and its duly, authorized actual/apparent agents, breached this duty owed to Plaintiff, L.A. by failing to expel the offenders Che Zhao and Gavin Johnston from its RIVERSIDE MILITARY ACADEMY, failing to properly supervise its Cadets, failing to protect the minor Plaintiff, L.A., from being raped, beaten, tortured and hazed by other Cadets, failing to act as an average responsible parent, and by abdicating its duty to protect and supervise from time to time to other children at RIVERSIDE MILITARY ACADEMY.

57. Defendant RIVERSIDE knew or should have known that ongoing attacks upon Plaintiff, L.A., would likely continue, based upon past reported episodes of misconduct which served as notice upon Defendant RIVERSIDE that it was negligent by failing to protect Plaintiff, L.A.

58. Although RIVERSIDE and its agents and employees had the mandatory duty to report the physical and sexual abuse and sexually explicit conduct to the proper Georgia authorities and agency (ies), RIVERSIDE DEFENDANTS failed to report. This statutory failure to report resulted in no governmental investigation nor intervention, which was an additional aspect of its failure to protect L.A., Cadet #10455.

59. One or more acts and omissions by Defendants was a direct and proximate cause of devastating physical, mental and emotional injury to L.A., Cadet #10455, requiring medical, hospital and emotional, mental health treatment, past, present and future, pain, suffering and loss of enjoyment of life on a permanent basis.

60.     At all times herein stated, Plaintiff, L.A., was free from any contributory negligence for a minor 12 and 13 years old. Compared to the negligence of Defendants, the Plaintiff, L.A. was 0% negligent and Defendants were 100% negligent.

WHEREFORE, the Plaintiff L.A. demands a jury and prays for judgment against DEFENDANTS RIVERSIDE MILITARY ACADEMY FOUNDATION INC., individually and d/b/a RIVERSIDE MILITARY ACADEMY, COL. JAMES H BENSON, past President of Riverside Academy, LT. COLONEL J. KEVIN JARRARD, Commandant of Cadets and Dean of Boys, CHIEF PAUL GREEN, Company A TAC, MAJ. KEVIN GUIER, Deputy Commandant, CAPT. SKYLER TONEY, Alpha Company Commander, MAJ. RANDY GUENTHER, Director of Academic Planning and Discipline, and SGT. MARTIN ROSS, Alpha A TAC Officer, for the sum in excess of $100,000.00 plus costs, and refund of tuition paid.

## COUNT II
### Reckless Misconduct

61-121 Plaintiff L.A., Cadet #10455 restates Paragraphs 1 – 60 of Count I as Paragraphs 61 to 121 of Count II herein, except that in paragraphs 57 & 60 where the word "negligence" is stated, Plaintiff L.A. substitutes, "reckless misconduct".

122 Although RIVERSIDE and its agents and employees had the mandatory duty to report the physical and sexual abuse and sexually explicit conduct to the proper Georgia authorities and agency (ies), Riverside DEFENDANTS failed to report. This statutory failure to report resulted in no governmental investigation or intervention, which was an additional aspect of its failure to protect L.A., Cadet #10455.

123.    One or more acts and omissions by RIVERSIDE Defendants were a direct and proximate cause of devastating physical, mental and emotional injury to L.A., Cadet #10455,

requiring medical, hospital and emotional, mental health treatment, past, present and future, pain, suffering and loss of enjoyment of life on a permanent basis.

124. At all times and dates states, Plaintiff, L.A., a 12 and later 13-year old minor, was free from any comparative fault and RIVERSIDE Defendants were 100% at fault.

125. Despite the cited statutes, regulations, protocols, contractual requirements, regulations, handbooks, operating manuals, standard custom and practice, coupled with the nature, extent and number of the many forms of notice to RIVERSIDE Defendants, said Defendants failed to decisively act to protect L.A. from the substantial criminal/statutory abuse and injury.

126. Defendants' level of inaction rises to reckless conduct.

WHEREFORE, the Plaintiff, L.A., Cadet #10455 demands a jury and prays for compensatory damages in a sum in excess of $100,000.00 and for exemplary or punitive damages in sufficient sum to punish the wrongdoers, DEFENDANTS RIVERSIDE MILITARY ACADEMY FOUNDATION INC., individually and d/b/a RIVERSIDE MILITARY ACADEMY, COL. JAMES H BENSON, past President of Riverside Academy, LT. COLONEL J. KEVIN JARRARD, Commandant of Cadets and Dean of Boys, CHIEF PAUL GREEN, Company A TAC, MAJ. KEVIN GUIER, Deputy Commandant, CAPT. SKYLER TONEY, Alpha Company Commander, MAJ. RANDY GUENTHER, Director of Academic Planning and Discipline, and SGT. MARTIN ROSS, Alpha A TAC Officer, and to deter others from committing like misconduct, plus costs and refund of tuition paid.

Respectfully submitted,

L.A., PLAINTIFF

By: ____/S/Laura Speed_____
Laura Speed, Bar No. 670599
One of Plaintiff's Attorney

Laura Speed
SPEED & KING
4200 Northside Parkway, N.W.
Building 14, Suite 350
Atlanta, Georgia 30327
Telephone: (404) 474-1466
Speed@speedkinglaw.com

MARTIN L. GLINK *Pro Hac Vice* pending
LAW OFFICE OF MARTIN L. GLINK
1655 N. Arlington Heights Road
Suite 100 East
Arlington Heights, Illinois 60004
Telephone: (847) 394-4900
mglink@glinklaw.com

ATTORNEYS FOR PLAINTIFF